# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4214 | **DATE** | 2/3/2004 |
| **CASE TITLE** | Weyent vs. Vertical Networks, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's Fraser's motion to dismiss Counts VI and VII of plaintiff's amended complaint pursuant to FRCP 12(b)(2) is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER E. WEYENT, )
)
Plaintiff, )
)
v. ) No. 03 C 4214
)
) Judge John W. Darrah
VERTICAL NETWORKS, INC., a )
California Corporation; and )
ALAN FRASER, a California Resident, )
)
Defendants. )

DOCKETED
FEB 0 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Peter E. Weyent, filed suit against Defendants, Vertical Networks, Inc. ("Vertical Networks") and Alan Fraser, in connection with a breach of an employment contract. Now before the Court is Fraser's Motion to Dismiss Counts VI and VII of Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons that follow, that motion is denied.

## LEGAL STANDARD

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). When deciding whether the plaintiff has made a necessary showing, a court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). When determining whether the plaintiff has met the burden of establishing a *prima facie* showing of jurisdiction, jurisdictional allegations in the complaint are taken as true, unless controverted by the

17

defendant's affidavits or exhibits. The remaining facts come from the declarations and exhibits submitted by the parties. All factual disputes must be resolved in favor of the plaintiff.

In diversity actions, a federal court has personal jurisdiction over a non-resident defendant only if a court of the state in which the federal court sits would have personal jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (citation omitted). A determination of whether an Illinois court would have jurisdiction requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*).

Under Illinois law, a court can have personal jurisdiction over a non-resident via the state's long-arm statute. 735 ILCS § 5/2-209. The statute states that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS § 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit; and the statutory analysis collapses into a two-prong analysis: one based on the Illinois Constitution, and one based on the United States Constitution. *RAR*, 107 F.3d. at 1276.

"Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *RAR*, 107 F.3d at 1276. The Due Process Clause of the United States Constitution permits an Illinois court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting

*Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994).

Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984)). To determine whether specific jurisdiction exists, a defendant must have "purposefully established minimum contacts within [Illinois];" and those contacts must make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (*Burger King*). Defendant must have "purposely availed" itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws such that they would "reasonably anticipate being haled into court there." *Asahi-Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 119 (1987).

Plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; and (2) the plaintiff must establish that haling the defendant into court is consistent with the Fourteenth Amendment's due process clause. *LFG, LLC. v. Zapata Corp.*, 78 F. Supp. 2d 731, 734 (N.D. Ill. 1999).

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Vertical Networks is a California corporation with its principal place of business in California. At all times relevant to this action, Fraser was the President and Chief Executive Officer ("CEO") of Vertical Networks.

From March 1, 1999, until December 31, 2002, Weyent was employed by Vertical Networks as a Regional Enterprise Manager. Weyent and Vertical Networks entered into and

3

executed two employment contracts, which are at issue in this action. Thereafter, Weyent performed the majority of his work in Illinois, where Vertical Networks transacted business by selling its products to Illinois businesses.

For each year of Weyent's employment, Vertical Networks prepared a Sales Compensation Plan (the "Plan" or "Plans") for members of its sales team. The Plans are a series of written documents that were formally executed by a Vertical Networks representative and Weyent. The Plans provided for a certain amount of additional compensation if Weyent reached applicable revenue targets.

In 2001, Weyent secured a purchase order from an Illinois-based company, Household Finance Corporation (the "Household Finance deal"). Pursuant to the terms of the 2001 Plan, Weyent was eligible to receive increased compensation; but he was not paid the full amount due under the 2001 Plan. In 2002, Weyent secured another purchase order from Household Finance Corporation. Pursuant to the terms of the 2002 Plan, Weyent was eligible to receive increased compensation; but he was not paid the full amount due under the 2002 Plan.

## ANALYSIS

### *Minimum Contacts*

Fraser moved to dismiss Counts VI and VII in Weyent's Amended Complaint for lack of personal jurisdiction. Weyent, who concedes that only the specific jurisdiction analysis applies in this case, contends that Fraser's conduct in breaching the alleged employment Plans are sufficient minimum contacts with Illinois.

Weyent alleges that he reported directly to Fraser, President and CEO of Vertical Networks, from August 2001 through January 2002 and that Fraser was the person responsible at

4

Vertical Networks for making all decisions about Weyent's compensation. Fraser was, thus, aware of Weyent's two employment contracts with Vertical Networks and knew of Vertical Networks' obligation to pay Weyent. Fraser, who was involved in negotiating Weyent's 2001 compensation package by reviewing Weyent's salary, was also involved in reviewing the implementation and interpretation of Weyent's two compensation Plans.

In addition, Fraser held ultimate authority over the amounts Weyent would be paid under each Plan. Specifically, Weyent alleges that Fraser reviewed and authorized a payment to Weyent for the Household Finance deal completed in 2001. According to Weyent, Fraser interfered with the Plans by refusing to pay Weyent the amounts he was due under the Plans.

Finally, while the parties dispute whether Weyent was an Illinois resident, at this stage, all factual disputes must be resolved in favor of Weyent. Therefore, from March 1, 1999 through November 20, 2001, Fraser resided in Illinois.

In litigations involving interstate contractual obligations, "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Margulis v. Med. Parts Int'l, Inc.*, No. 98 C 0714, 1999 WL 183648, at * 3 (N.D. Ill. Mar. 25, 1999) (*Margulis*) (quoting *Burger King*, 471 U.S. at 473). Moreover, as long as Fraser "is a primary participant in an alleged wrongdoing directed at a forum state resident, the 'minimum contacts' test is met." *Margulis*, 1999 WL 183648, at * 4 (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)). However, an individual's contract with an out-of-state party alone will not automatically satisfy the minimum contacts test in the individual's home forum. *Burger King*, 471 U.S. at 478.

Here, for part of the period during Weyent's employment relationship with Vertical Networks, he was an Illinois resident. During the period Weyent was an Illinois resident, Fraser was alleged to be in a position to review, implement, interpret, and retain final authority over Weyent's employment compensation package under the Plans. Weyent has properly alleged that Fraser was a primary participant in the alleged tortious actions directed at an Illinois resident.

While Fraser contends that he did not learn of any payment dispute with Weyent until 2003, Fraser authorized a payment to Weyent for the Household Finance deal during 2001. This contact is enough to show that Fraser reached out and incurred a continuing obligation, pursuant to the employment Plans, with an Illinois resident. Fraser does not dispute that the exercise of jurisdiction would not comport with fair play and substantial justice. Accordingly, the minimum contacts test is satisfied; and jurisdiction is proper under the federal constitution. Because Illinois courts are authorized to exercise personal jurisdiction to the fullest constitutional limit, jurisdiction is also proper under the Illinois long-arm statute. *See* 735 ILCS § 5/2-209(c).

*Fiduciary Shield Doctrine*

Fraser also argues that exercise of jurisdiction would not be proper because it would violate Illinois due process standards. Specifically, Fraser claims that the "fiduciary shield doctrine" protects Fraser in his role as a corporate agent. *See, e.g., Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912, (7th Cir. 1994) (*Rice*).

In response, Weyent argues the fiduciary shield doctrine does not apply because Fraser's actions were discretionary. According to Weyent, he directly reported to Fraser from August of 2001 through January 2002. Fraser was aware of the employment Plans and was involved in reviewing and implementing the Plans. In addition, Fraser held ultimate authority over the

6

amounts Weyent would be paid under each Plan. Specifically, Weyent alleges that Fraser reviewed and authorized a payment to Weyent for the Household Finance deal completed in 2001. According to Weyent, Fraser interfered with the Plans by refusing to pay Weyent the amounts he was due under the Plans.

The fiduciary shield doctrine "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or some other principal." *Rice*, 38 F.3d at 912. The shield may be withdrawn if the "employee has the power to decide what is being done and chooses to commit the acts that subject him to long-arm jurisdiction." *Brujis v. Shaw*, 876 F. Supp. 975, 978 (N.D. Ill. 1995) (*Brujis*); *see also Darovec Mktg. Group v. Bio-Genics, Inc.*, 42 F. Supp. 2d 810, 819-20 (N.D. Ill.). However, in using the discretionary exception, it must "not be unfair to exercise jurisdiction over someone acting in a representative capacity when he was in a position to decide whether or not to perform acts in Illinois." *Brujis*, 876 F. Supp. at 979.

In this case, it has been alleged that Fraser had discretion to determine to review and authorize payments to Weyent, pursuant to the terms of the employment Plans. Fraser was also aware of the Plans and was involved with the review and implementation of the Plans. Although Fraser argues that none of his acts occurred in Illinois, the impact of a discretionary decision to not follow the terms of the relevant employment Plan would have impacted Weyent, who suffered the breach in Illinois. Therefore, it would not be unfair to exercise jurisdiction over Fraser when he was in a position to decide whether or not to authorize payments to Weyent, who resided in Illinois.

## **CONCLUSION**

For the foregoing reasons, Fraser's Motion to Dismiss Count VI and VII of Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), is denied.

Dated: February 3, 2004

JOHN W. DARRAH
United States District Judge