# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4214 | **DATE** | 2/3/2004 |
| **CASE TITLE** | Weyent vs. Vertical Networks, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants motion to dismiss counts III-VII of plaintiff's amended complaint [9-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 4 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FEB 4 - 2004

PETER E. WEYENT, )
)
    Plaintiff, )
) No. 03 C 4214
v. )
) Judge John W. Darrah
VERTICAL NETWORKS, INC., a )
California corporation; and )
ALAN FRASER, a California resident, )
)
    Defendants. )

FEB 0 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Peter E. Weyent, filed suit against Defendants, Vertical Networks, Inc. ("Vertical Networks") and Alan Fraser, in connection with a breach of an employment contract. Now before the Court is Defendants' Motion to Dismiss Counts III-VII of Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, that motion is denied.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would



entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Weyent's Amended Complaint. The facts, for the purposes of this motion, are as follows. Vertical Networks is a California corporation with its principal place of business in California. At all times relevant to this action, Fraser was the President and Chief Executive Officer of Vertical Networks.

From March 1, 1999, until December 31, 2002, Weyent was employed by Vertical Networks as a Regional Enterprise Manager. Weyent and Vertical Networks entered into and executed two employment contracts, which are at issue in this action.

For each year of Weyent's employment, Vertical Networks prepared a Sales Compensation Plan (the "Plan" or "Plans") for members of its sales team. The Plans are a series of written documents that were formally executed by a Vertical Networks representative and Weyent. The Plans provided for a certain amount of additional compensation if Weyent reached applicable revenue targets.

In 2001, Weyent secured a purchase order from an Illinois-based company, Household Finance Corporation. Pursuant to the terms of the 2001 Plan, Weyent was eligible to receive increased compensation; but he was not paid the full amount due under the 2001 Plan. In 2002, Weyent secured another purchase order from Household Finance Corporation. Pursuant to the terms of the 2002 Plan, Weyent was eligible to receive increased compensation; but he was not paid the full amount due under the 2002 Plan.

2

# ANALYSIS

Vertical Networks seeks to dismiss Count III, IV, and V of Weyent's Amended Complaint. Both Vertical Networks and Fraser seek to dismiss Count VI of Weyent's Amended Complaint. Finally, Fraser seeks to dismiss Count VII of Weyent's Amended Complaint.

*Quantum Meruit and Unjust Enrichment Claims*

Vertical Networks contends that Weyent is unable to state a claim for Count III and IV, his *quantum meruit* and unjust enrichment Claims. According to Vertical Networks, Illinois law prohibits parties from bringing both a breach of contract claim and a quasi-contract claim, such as a claim for unjust enrichment.

Under Illinois law, a party cannot "state a claim for unjust enrichment when a contract governs the relationship between the parties." *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 84603, at *6 (N.D. Ill. Jan. 22, 2002) (*Lilly*) (quoting *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985)). In *Lilly*, however, both the contract claim and the quasi-contract were allowed to be pled because a good faith dispute existed as to whether the contract governed the relationship between the parties. *Lilly*, 2002 WL 84603, at *6.

Here, both the Federal Rules of Civil Procedure and Illinois pleading rules permit parties to plead alternative and inconsistent claims. Fed. R. Civ. P. 8(e)(2); 735 ILCS § 5/2-613. Thus, although Illinois law prohibits parties from recovering both a breach of contract claim and a quasi-contract claim, it is a question of fact as to whether the contract governs the relationship between Weyent and Vertical Networks. Accordingly, Vertical Networks' motion to dismiss Counts III and IV is denied.

3

*Sales Representative Act Claim*

Vertical Networks further asserts that Count V, the Sales Representative Act Claim, should be dismissed. According to Vertical Networks, Weyent failed to make any allegation stating that he was a sales representative instead of an employee, as defined under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1-15. Therefore, according to Vertical Networks, Weyent cannot recover under both acts, which grant mutually exclusive recoveries.

"[O]ne who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act" cannot recover under the Illinois Sales Representative Act. *Paape v. Wall Data, Inc.*, 934 F. Supp. 969, 978 (N.D. Ill. 1996) (*Paape*). An employee does not include a person: "(1) who is free from control over the performance of the work; (2) who performs work that is either outside the usual course of business or is performed outside all of the employer's places of business unless the employer is in the business of contracting with third parties for the placement of employees; and (3) who is in an independently established trade, occupation, profession or business . . . ." *Paape*, 934 F. Supp. at 978-79.

Here, Weyent has adequately placed Vertical Networks on notice of its Sales Representative Act claim. Although Weyent did not specifically plead that he was a sales representative as stated by the *Paape* court, it can be reasonably inferred from Weyent's Amended Complaint that he claims to be a sales representative. On a motion to dismiss, all reasonable inferences are viewed in the light most favorable to the plaintiff; and the plaintiff is not required to plead the elements of the claim. Therefore, Vertical Networks' motion to dismiss Count V is denied.

*Illinois Wage Payment and Collection Act Claim*

Defendants argue that Count VI, the Illinois Wage Payment and Collection Act claim, should be dismissed because they are not Illinois employers; and, thus, the act is not applicable. "[T]he Wage Act only applies to Illinois employees and Illinois employers." *Liaquat Khan v. Van Remmen, Inc.*, 756 N.E.2d 902, 913 (Ill. App. Ct. 2001).

Here, whether Vertical Networks and Fraser could be considered Illinois employers is a question of fact. It can be reasonably inferred from Weyent's Complaint that he alleges that both Defendants are Illinois employers. Accordingly, Defendants' motion to dismiss Count VI is denied.

*Tortious Interference with Contracts Claim*

Fraser argues that his role as an officer of a corporation shields him from liability from the tortious interference with contracts claim, Count VII. Fraser further asserts that Weyent has failed to adequately plead facts showing that Fraser acted maliciously to overcome this corporate officer privilege.

Officers of a corporate contracting party cannot be held liable for tortious interference with their principal's contract because "they are privileged to act on behalf of their corporations, using their business judgment and discretion." *George A. Fuller Co. v. Chicago Coll. of Osteopathic Med.*, 719 F.2d 1326, 1333 (7th Cir. 1983). A plaintiff may overcome this privilege by alleging the defendant acted with malice. *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1997).

Here, Weyent alleges that Fraser was the CEO and President of Vertical Networks; thus, Fraser is privileged to act on behalf of Vertical Networks. However, Weyent also alleges that

5

Fraser acted with malice by inducing Vertical Networks to breach the relevant contracts. While Fraser argues that, under Illinois law, Weyent must plead facts indicating Fraser acted maliciously, federal pleading standards only require Weyent to place Fraser on notice of the claims, which Weyent has done. *See* Fed. R. Civ. P. 9(b). Therefore, Fraser's motion to dismiss Count VII of Weyent's Amended Complaint is denied; and Fraser's motion to strike the second sentence of paragraph ninety is also denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count III-VII of Plaintiff's Amended Complaint is denied. Fraser's motion to strike the second sentence of paragraph ninety is denied.

Dated: February 9, 2004

JOHN W. DARRAH
United States District Judge